UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:16-CV-131-MR

| | |
|---|---|
| CYNTHIA MERCURE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NANCY A. BERRYHILL, )<br>Acting Commissioner of Social )<br>Security )<br>)<br>Defendant. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 8] and the Defendant's Motion for Summary Judgment [Doc. 10].

**I.     PROCEDURAL BACKGROUND**

On May 9, 2012, the Plaintiff, Cynthia Mercure ("Plaintiff"), filed a protective application for disability benefits, alleging an onset date of July 31, 2009. [Transcript "T." 73]. The Plaintiff later amended her alleged onset date to August 13, 2009. [T. 274]. The Plaintiff's application was denied initially and upon reconsideration. [T. 100, 107]. Upon Plaintiff's request, a hearing was held on August 4, 2014, before an Administrative Law Judge

("ALJ"). [T. 30-64]. Present at the hearing were the Plaintiff; Anna Hamrick, the Plaintiff's attorney; and a vocational expert ("VE"). [Id.]. On November 3, 2014, the ALJ issued a decision, wherein the ALJ concluded that the Plaintiff was not disabled. [T. 14-23]. On March 11, 2016, the Appeals Council denied the Plaintiff's request for review [T. 1], thereby making the ALJ's decision the final decision of the Commissioner. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005)

(internal quotation marks omitted).  "It consists of more than a mere scintilla of evidence but may be less than a preponderance."  Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ."  Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted).  Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision.  Id. (internal quotation marks omitted).  To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence."  Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Social Security Administration regulations set

out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an

4

administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. SSR 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering her burden at step five, the claimant is not disabled and the application for benefits must be denied. Id.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since her amended alleged onset date, August 13, 2009. [T. 16]. At step two, the ALJ found that the Plaintiff has severe medically determinable impairments including: left carpel tunnel syndrome status post-surgery, left radial tunnel syndrome status-post surgery, left Dequervain's tenosynovitis status post-surgery, right shoulder impingement and glenoid shortening. [T. 16-17]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [T. 17]. The ALJ then determined that the Plaintiff, notwithstanding her impairments, has the RFC:

> [T]o perform less than the full range of light work as defined in 20 C.F.R. 404.1567(b). More specifically, although the claimant can perform work at the light exertional level, she is limited to five pounds of frequent lifting with her non-dominant left hand. The claimant is also limited to light levels of frequent over-the-shoulder reaching on the right. The claimant has no limitations on the use of her non-dominant left hand when using it as a helper hand. In addition, the claimant is precluded from climbing ladders, ropes and scaffolds and she is limited to frequent climbing of stairs and ramps. <u>Moreover, the claimant is limited to frequent handling on the right and to occasional handling with her non-dominant left hand. The claimant is also limited to frequent fingering on the left and she is limited to frequent feeling with both hands</u>. Although the claimant is limited to less than occasional exposure to hazards associated with

6

>unprotected dangerous machinery or unprotected heights, she is otherwise capable of being aware of normal hazards and taking appropriate precautions.

[T. 17] (emphasis added).

At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as a bookkeeper. [T. 21]. With this finding at step four, the ALJ could have ended his decision with a finding of no disability. Pass, 65 F.3d at 1203. The ALJ, however, proceeded to step five. At step five, the ALJ found in the alternative that, considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform. [T. 22]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Social Security Act from August 13, 2009, the alleged onset date, through September 30, 2012, the date last insured. [T. 22].

## V. DISCUSSION[1]

In this appeal, the Plaintiff argues "the ALJ erred by failing to articulate why he believed Plaintiff's impairments restricted her [left upper extremity

---

[1] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

7

(LUE)] to occasional handling but not to occasional fingering/feeling."[2] [Id. at 4, 8, 10-11].

With respect to her LUE impairments, Plaintiff cites to evidence in the record that contradicts the ALJ's findings. Plaintiff asserts that the ALJ failed to explain how he resolved these conflicts in the evidence to reach his conclusion regarding the Plaintiff's ability to use her left hand. Plaintiff argues this error requires remand because it "was outcome determinative given that the VE testified that if Plaintiff was limited to both occasional handling and fingering/feeling with her LUE, then she would be disabled." [Doc. 9 at 11].

Social Security Ruling 96-8p[3] explains how adjudicators should assess residual functional capacity. The Ruling instructs that the RFC "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis,

---

[2] The Plaintiff argues additional errors in her Motion for Summary Judgment. [Doc. 9 at 5]. These, however, cannot be addressed because they are not the subject of any assignments of error asserted by Plaintiff. See id.; Mason v. Berryhill, No. 1:16-cv-148, 2017 WL 2664211, at *4 (W.D.N.C. May 30, 2017) (Howell, J.) ("Fatal to Plaintiff's argument, however, is that he fails to raise an assignment of error that the ALJ erred in construing Plaintiff's RFC. And this Court has repeatedly warned members of the social security bar [that] this Court will only consider those legal arguments properly set forth in a separate assignment of error.") (citing Woods v. Colvin, 1:16-cv-58, 2017 WL 1196467, at *6 n.2 (W.D.N.C. Feb. 8, 2017)).

[3] The Ruling's title is "Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims."

including the functions" listed in the regulations.[4] SSR 96-8p. The Ruling further provides that the "RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and non-medical evidence (e.g., daily activities, observations)." Id. (emphasis added). In Mascio, the Fourth Circuit found an ALJ's failure to follow these procedures required remand, as it left the Court with a record lacking the evidence necessary for meaningful review. 780 F.3d at 636-7. A reviewing court cannot be "left to guess about how the ALJ arrived at his conclusions on [a plaintiff's] ability to perform relevant functions and indeed, remain uncertain as to what the ALJ intended." Id. at 637. It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional

---

[4] The functions listed in the regulations include the claimant's (1) physical abilities, "such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching);" (2) mental abilities, "such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, coworkers, and work pressures in a work setting;" (3) other work-related abilities affected by impairment(s) of vision, hearing or other senses, and impairment(s) which impose environmental restrictions." 20 C.F.R. § 416.945.

investigation and explanations." Mills v. Berryhill, No. 1:16-cv-25-MR, 2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

Plaintiff's relevant medically determinable impairments include left carpel tunnel syndrome status post-surgery, left radial tunnel syndrome status-post surgery, and left Dequervain's tenosynovitis status post-surgery. [T. 16-17]. In the RFC assessment in this case, the ALJ found "the claimant is limited to frequent handling on the right and to occasional handling with her non-dominant left hand. The claimant is also limited to frequent fingering on the left and she is limited to frequent feeling with both hands." [T. 17]. The ALJ's decision, however, contains no function-by-function assessment of these activities, as required in SSR 96-8p and under Mascio. After setting out a bare assessment of the Plaintiff's RFC, the ALJ recites select medical and non-medical evidence. He also includes observations related to the relative consistency of the Plaintiff's subjective complaints and testimony with the medical evidence. [T. 17-21]. For instance, the ALJ stated:

> Dr. Thornberg diagnosed radial and carpel tunnel syndromes. The claimant had a radial and carpel tunnel release in February 2011. During the course of the third operation, Dr. Thornberg noted that the claimant experienced pressure on the median nerve at the carpal tunnel and severe compression of the posterior interosseous nerve, which was also released. [In a functional capacity evaluation

performed on the claimant in May 2011, she] reported numbness and tingling in the left hand and bilateral stabbing bilateral brachioradialis muscle pain. It appears from the record that the final conclusion reached after the physical capacity evaluation was that the claimant is limited to a light physical demand category. The most recent evidence of medical treatment in this case shows that the claimant currently complains of a constant uncomfortable tingling sensation in the upper left forearm over the brachioradialis….

… Remarkably inconsistent with the claimant's allegation that she is precluded from all work activities, she advised Dr. Dubiel that she takes no prescription medications and that she consumes headache powders once each week for headaches. She denied the use of additional over-the-counter medications, vitamins, herbals, and supplements. Also largely inconsistent with the claimant's allegation that she is unable to work, the claimant admitted to Dr. Dubiel that she is able to care for various animals … and that she does laundry, grocery shopping, and some cooking. Remarkably inconsistent with her allegations of pain associated with computer keying, the claimant also admitted that she enjoys playing games on a popular social media website (Exs. 8F-9F).

… Somewhat consistent with the allegations of the claimant, sensation was absent to light touch on the dorsal hand from the wrist down, bilaterally, and light touch sensation was absent on the palmar side of the hand about two inches above the wrist on the volar forearm, bilaterally. In addition, there was decreased sharp sensation on the dorsal forearm from the elbow down and on the entire hand, bilaterally, and sharp sensation was absent on the palmar hand from the wrist down, bilaterally, except for intact sharp sensation on the ulnar side of the proximal right palm.

> The claimant was unable to perceive sharp sensation on any of her fingertips. Moreover, pressure sensation with monofilament testing was absent throughout on the hands.

[T. 18-20]. The ALJ failed, however, to relate any of this information to any particular limitation or limitations he prescribed in the RFC assessment. While the ALJ's ultimate conclusions as to Plaintiff's limitations may be correct, the Court is left to guess regarding how they were reached. Under these circumstances, the Court cannot affirm the ALJ's finding of no disability without a showing of substantial evidence to support his findings at each step of the sequential evaluation process.[5]  Mascio, 780 F.3d at 637.

## VI. CONCLUSION

Because this Courts lacks an adequate record of the basis for the ALJ's decision, it cannot conduct a meaningful review of that ruling. See Radford, 734 F.3d at 295. On remand, the ALJ should conduct a proper function-by-function analysis of the Plaintiff's exertional and non-exertional limitations, narratively discussing all of the relevant evidence, and specifically explaining

---

[5] Plaintiff also assigned error arguing that "the ALJ erred by failing to identify and obtain a reasonable explanation for the apparent conflict between the testimony of the VE and the DOT [Dictionary of Occupational Titles] regarding the handling requirements of the jobs cited at Step 5 of the SEP [Sequential Evaluation Process]." [Doc. 9 at 4]. There is, however, no need to address this assignment of error because the matter must be remanded in any event regarding an issue reached before Step 5.

how he reconciled that evidence (both supportive and contradictory) to his conclusions.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 8] is **GRANTED** and the Defendant's Motion for Summary Judgment [Doc. 10] is **DENIED**. Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion. A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: August 1, 2017

Martin Reidinger
United States District Judge